UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61318

RYAN TURIZO,

    Plaintiff,

v.                                                                                                  **CLASS ACTION**

VITAL DATA SERVICES, LLC,

    Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

Plaintiff RYAN TURIZO ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant VITAL DATA SERVICES, LLC ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act, in support thereof, Plaintiff states the following:

**INTRODUCTION**

1. The Telephone Consumer Protection Act (the "TCPA") was enacted to prevent companies, such as Defendant, from invading the privacy of American citizens, and to prevent abusive robocalls.

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Serves. LLC, 132 S.Ct. 740, 745, (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'

PAGE | **1** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osario v. State Farm Bank, F.S.B.</u>, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission ("FCC"), "[u]nwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each call (text message) in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which they are subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject them to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant has sent the same text message complained of by Plaintiff to other individuals within this judicial district, subjecting Defendant to jurisdiction here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## INDIVIDUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

8. Plaintiff is the "Called Party." *See* Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014); Osorio, 746 F.3d 1242 at 1248.

9. Defendant is a Florida corporation with a principal place of business located at 321 Northlake Blvd Suite 209, North Palm Beach, Florida 33408, and is doing business in the State of Florida.

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, to wit, XXX-XXX-7820 ("Plaintiff's Cellphone"), and is the Called Party and recipient of Defendant's hereinafter described calls.

11. On or about May 7, 2019, Plaintiff began receiving calls on Plaintiff's Cellphone from Defendant, wherein Defendant sought to solicit undesirable services and/or products to Plaintiff.

12. Upon recipient of such calls from Defendant, Plaintiff's caller identification ("caller ID") identified the calls as being initiated from, but not limited to, (386) 213-4064, whereby when such numbers were called by Plaintiff, the call would be answered by a pre-recorded message.

13. All of the calls Defendant made to Plaintiff's Cellphone were made using an "automatic telephone dialing system" (an "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) ("ATDS Calls").

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Plaintiff will testify that he knew it was an ATDS because when Plaintiff answered a call from Defendant, Plaintiff would hear automated message telling Plaintiff that the call was from Defendant and/or to please return Defendant's call at a provided number.

15. Some and/or all of the calls at issue were placed by Defendant using a "prerecorded voice" as specified by 47 U.S.C. § 227(b)(1)(A).

16. None of Defendant's telephone calls to Plaintiff's Cellphone were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

17. All calls made to Plaintiff's Cellphone were made without the *express consent* of Plaintiff.

18. All calls made to Plaintiff's Cellphone by Defendant were calls Defendant made knowingly and willfully.

19. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by, *inter alia*, calling Plaintiff's Cellphone, despite Plaintiff's express revocation of any consent Defendant may have had to place any such calls to Plaintiff's Cellphone.

20. All requests made by Plaintiff to Defendant for Defendant to stop harassing Plaintiff were ignored.

21. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, to wit, the invasion of Plaintiff's privacy and the intrusion of Plaintiff's right of seclusion.

22. All calls Defendant placed to Plaintiff's Cellphone were without the express consent of Plaintiff and resulted in injury to Plaintiff, to wit, the occupation of the telephone line associated with Plaintiff's Cellphone via unwelcomed calls from Defendant, making Plaintiff's Cellphone unavailable for legitimate calls, and/or making Plaintiff's Cellphone unavailable for

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

outgoing calls while Plaintiff's Cellphone was ringing from Defendant's call.

23. All calls Defendant placed to Plaintiff's Cellphone were without the express consent of Plaintiff and resulted in injury to Plaintiff, *to wit*, the unnecessary expenditure of Plaintiff's time. Plaintiff had to waste time to deal with missed call notifications and call logs produced by Plaintiff's Cellphone as a result of Defendant's unwanted calls. Also, such unwanted calls further impaired the usefulness of such features, in that, such features are designed to inform Plaintiff of important missed communications.

24. All calls Defendant placed to Plaintiff's Cellphone were without the express consent of Plaintiff and resulted in resulted in injury to Plaintiff, *to wit*, nuisance and annoyance to Plaintiff, whereby – for all calls that Plaintiff answered – Plaintiff has to go through the unnecessary trouble of having to answer such unwanted calls – and for calls that Plaintiff did not answer, Plaintiff had to deal with missed call notifications and call logs that reflected such unwanted calls. This also impaired the usefulness of said features of Plaintiff's Cellphone, whereby such features were designed to inform Plaintiff of important missed communications.

25. As a result of the above described calls, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation.

26. Defendant violated the TCPA with respect to Plaintiff.

27. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, who was called through the use of any automatic telephone dialing system, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, not for emergency purpose and without the recipient's prior express written consent.**

30. Defendant and their employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

31. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

33. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

PAGE | **6** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(2)   Whether Defendant can meet their burden of showing that they obtained prior express consent to make such calls;

(3)   Whether Defendant conduct was knowing and willful;

(4)   Whether Defendant are liable for damages, and the amount of such damages; and

(5)   Whether Defendant should be enjoined from such conduct in the future.

34.   The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely utilizes pre-recorded voice and/or messages when calling telephone numbers assigned to cellular telephone services is accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35.   Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36.   Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

37.   A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be

PAGE | **7** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

unduly burdened by individual litigation of such cases.

38. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

39. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

40. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

41. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

42. Defendant – or third parties directed by Defendant– used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

43. These calls were made without regard to whether Defendant had first obtained express written consent to make such calls. In fact, Defendant did not have prior express written

consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

44. Defendant, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

45. All possible Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

46. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

47. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

48. At all times relevant, Defendant knew or should have known that their conduct as alleged herein violated the TCPA.

49. Defendant knew that they did not have prior express written consent to send these text messages.

50. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls to their cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

51. All possible Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     As a result of Defendant violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

53.     Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

54.     Plaintiff RYAN TURIZO, on behalf of herself and the other members of the Class, prays for the following relief with respect to *Count I* and *Count II*:

(1)     A declaration that Defendant practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(2)     A declaration that Defendant violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(3)     An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(4)     An award of actual, statutory damages, and/or trebled statutory damages; and

(5)     Such further and other relief the Court deems reasonable and just.

DATED: May 27, 2019

Respectfully Submitted,

 /s/ Jbrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540
*COUNSEL FOR PLAINTIFF*

PAGE | **10** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com